Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff C.V.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.V.<br><br>  Plaintiff,<br><br>  v.<br><br>LAUREN CARMINUCCI a/k/a LAUREN GENSINGER,<br><br>  Defendant. | **COMPLAINT**<br><br>Case Action No. 24-2096 |

Plaintiff C.V. ("Plaintiff" or "C.V."), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Since approximately 2018, Plaintiff has been a part of a group chat of four women, including O.S., N.K., and defendant, LAUREN CARMINUCCI a/k/a LAUREN GENSINGER ("Defendant" or "Carminucci").

2. On this group chat the women talked about various topics, disclosing details about their families, health, aspirations, and goals.

1

3. One such topic for which Plaintiff turned to her friends for guidance and support was her desire and eventual decision to undergo cosmetic surgery to address the toll that pregnancy had taken on her body.

4. Over the course of approximately two years, Plaintiff researched surgeons throughout the United States, sporadically discussing her findings and plans, while the other women weighed in with their own experiences and asked questions about plastic surgeons Plaintiff had researched.

5. After Plaintiff underwent surgery and because Plaintiff considered O.S. and Defendant Carminucci to be among her closer friends, she shared with them images of her body's progress as it healed.

6. Accordingly, Plaintiff sent the two women a picture on or about April 28, 2023 which showed her fully exposed breasts.

7. While Defendant Carminucci was complimentary of Plaintiff's results in their group chat, unbeknownst to Plaintiff and without Plaintiff's consent, Defendant Carminucci was secretly disseminating Plaintiff's intimate image to multiple third parties, including N.K. and multiple third parties along with cruel comments about Plaintiff's body and false statements about Plaintiff's family.

8. Plaintiff confronted Defendant about her bad acts shortly after one such recipient alerted her.

9. Shockingly, Defendant Carminucci was devoid of remorse, confirming that she had made false, vile, and salacious statements about Plaintiff's husband to third parties, admitting she "made it up and [took] it out of context" and indignantly asking Plaintiff, "[a]re we done here[?]"

10. Defendant Carminucci's behavior has devastated Plaintiff, and her demonstrated propensity for disseminating the intimate content of others without their permission or consent leaves Plaintiff fearful of what Defendant Carminucci will do with her images in the future.

11. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of 15 U.S.C. § 6851, New York and New Jersey's nonconsensual pornography statutes, New Jersey's invasion of privacy statute, and the intentional infliction of emotional distress.

## THE PARTIES

12. Plaintiff C.V. is a resident of the County of Nassau, State of New York.

13. Defendant Carminucci is a resident of the County of Hudson, State of New Jersey. Defendant Carminucci's last known address is 300 Coles Street, 1909 Jersey City, NJ 07310.

## JURISDICTION AND VENUE

14. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) based upon Diversity of Citizenship because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of New Jersey and a citizen or subject of a different state.

15. This action is also brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

16. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the District of New Jersey is the Judicial District in which Defendant Carminucci resides.

## FACTUAL ALLEGATIONS

**Background**

17. The parties were introduced through a mutual friend, O.S.

18. Plaintiff primarily spoke with Defendant Carminucci by text message, often in a group chat with O.S. and N.K. or in a smaller, more intimate group chat with O.S.

19. Plaintiff had long been discussing her desire for a breast augmentation in the larger group chat. There, she shared with the three other women what her research into various surgeons had revealed, including cost, patient experience, and overall results of the surgery.

20. After several years and significant research, Plaintiff finally selected her plastic surgeon and made the decision to move forward with the surgery.

21. As the surgery date approached, Plaintiff turned to the three women, including Defendant, for emotional support.

22. In a separate text message conversation with only O.S. and Defendant Carminucci, two women Plaintiff believed to be her close friends, Plaintiff sent an image which showed her areolar incision lines. This image, unlike others Plaintiff had sent in a larger group chat, depicted Plaintiff's fully exposed breasts.

23. O.S. and Defendant Carminucci were both complimentary of the work Plaintiff's surgeon had completed, with Defendant Carminucci commenting that Plaintiff's breasts looked "perfect[.]"

24. Unbeknownst to Plaintiff and without her permission or consent, Defendant Carminucci was disseminating Plaintiff's intimate image to various friends and acquaintances to criticize Plaintiff's body, state that Plaintiff's breasts were misshapen, and suggest that the procedure had been done "wrong[.]"

25. Upon information and belief, Defendant Carminucci sent Plaintiff's intimate image to N.K. and multiple third parties.

26. In one such instance, Defendant Carminucci asked the third party "Did she send you her boobs" and then, before the third party responded, sent Plaintiff's intimate image.

27. At least one third party to whom Defendant Carminucci had disseminated Plaintiff's intimate image alerted Plaintiff of Defendant Carminucci's disregard for her privacy.

28. That same individual further informed Plaintiff that Defendant Carminucci had told them that Plaintiff's husband had been engaging in nefarious extramarital activities.

**Plaintiff Confronts Defendant**

29. On or about May 23, 2023 Plaintiff confronted Defendant Carminucci about her various betrayals.

30. In response, Defendant Carminucci was devoid of all remorse and strategically gaslit Plaintiff to minimize her own wrongs.

31. When Plaintiff asked why Defendant Carminucci was accusing her of being psychotic when she was the one fabricating stories about Plaintiff's family, Defendant Carminucci stated "Okay so I made it up and tooo it out of context" then asking "Are we done here[?]"

32. When Plaintiff asked "why…would you do that" Defendant Carminucci responded "I talked to [O.S.] and [N.K.] about it.  Your friends, too.  And who else?"

**Defendant Carminucci's Dissemination of Plaintiff's Images**

33. Plaintiff's attempts to understand Defendant Carminucci's cruelties have put into perspective Defendant Carminucci's propensity to ignore the privacy of others and overlook the need for consent.

34. For instance, several years ago and unbeknownst to O.S., who was intoxicated, Defendant Carminucci had recorded her engaging in an intimate act.

35. Later, and still without O.S.' knowledge, permission, or consent, Defendant Carminucci sent the intimate content to various third parties.

36. Defendant Carminucci recorded the video of O.S. in 2019, however Plaintiff has come to learn that Defendant Carminucci has disseminated it as recently as 2023.

37. While at the time Plaintiff wrote it off as a drunken misunderstanding, Defendant Carminucci's recent behavior suggests otherwise.

38. Additionally, while Plaintiff was speaking with the larger group about her research into plastic surgeons, Defendant Carminucci sent to the group a post-operative image of a woman wearing only bandages and a partially removed girdle; her genitals and breasts were fully visible and exposed.

39. Defendant Carminucci wrote that she had held onto the picture of the woman for two years.

40. Upon information and belief, Defendant Carminucci did not have that woman's permission or consent to distribute her intimate image either.

**Plaintiff's Fear for Her Privacy**

41. Plaintiff sent Defendant Carminucci the intimate content believing that Defendant Carminucci was her close friend and would accordingly respect Plaintiff's privacy interests by not disseminating the content to third parties.

42. Defendant Carminucci knew that Plaintiff did not want her intimate images being disseminated to third parties because she was involved in other group conversations in which Plaintiff had redacted her images to remove her intimate parts.

43. Given Defendant Carminucci's callous indifference to Plaintiff's feelings, disregard for the truth, and demonstrated propensity for disseminating intimate content without the depicted individual's consent for years to come, Plaintiff has a justified and extreme fear that Defendant Carminucci will do the same to her.

### FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

44. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

45. Defendant Carminucci disclosed the image of Plaintiff using her cell phone/computer.

46. Defendant Carminucci did not obtain Plaintiff's consent to disclose the image.

47. Defendant Carminucci knew that Plaintiff did not consent to the disclosure of the content online.

48. As a result of Defendant Carminucci's conduct, Plaintiff has been damaged.

49. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this

matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant Carminucci from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
**(Violation of Civil Rights Law §52-b)**

50. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

51. Plaintiff had a reasonable expectation that the content, when captured, would remain private.

52. The content disclosed by Defendant Carminucci contained the exposed intimate parts of Plaintiff, namely her breasts.

53. Defendant Carminucci disseminated and published Plaintiff's intimate content without Plaintiff's permission or consent.

54. The content was shared for the purpose of harassing, annoying, or alarming Plaintiff and to cause others to view Plaintiff in a negative light.

55. As a result of Defendant Carminucci's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant Carminucci from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

56. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

57. Defendant Carminucci has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's nude photograph.

58. Along with sending Plaintiff's intimate image without her permission or consent, Defendant Carminucci has further and falsely informed third parties that Plaintiff's husband is engaged in nefarious extramarital activities.

59. Defendant Carminucci has acknowledged to Plaintiff that she knew these statements were false but nevertheless made them.

60. Defendant Carminucci engaged in such behavior knowing that her decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being.

61. Defendant Carminucci's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

62. Defendant Carminucci's sole purpose in sharing the images was to harass and/or embarrass Plaintiff and cause her harm.

63. Defendant Carminucci intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

64. As a direct and proximate result of Defendant Carminucci's conduct, Plaintiff suffered severe emotional distress.

9

65. Defendant Carminucci acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that her actions would cause severe emotional distress.

66. Here, the acts of Defendant Carminucci were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that her actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant Carminucci should also be required to pay punitive damages to punish her for her reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter her and others similarly situated from engaging in such conduct in the future.

67. Plaintiff demands judgment against Defendant Carminucci in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant Carminucci for her willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**FOURTH CAUSE OF ACTION**
(**Violation of N.J.S.A. 2A:58D-1**)

68. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

69. New Jersey Statute 2A:58D-1 states:

> a. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), photographs, films, videotapes, records, or otherwise reproduces in any manner, the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court.
>
> b. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), discloses any photograph, film, videotape, recording or any other reproduction of the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court. For purposes of this section: (1) "disclose" means sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, publish, distribute, circulate, disseminate, present, exhibit, advertise , offer, share, or make available via the Internet or by any other means, whether for pecuniary gain or not; and (2) "intimate parts" has the meaning ascribed to it in N.J.S.2C:14-1.
>
> c. The court may award:
> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
> (2) punitive damages upon proof of willful or reckless disregard of the law;
> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
> (4) such other preliminary and equitable relief as the court determines to be appropriate.
>
> A conviction of a violation of section 1 of P.L.2003, c. 206 (C.2C:14-9) shall not be a prerequisite for a civil action brought pursuant to this section.

70. The photograph mentioned above depicts Plaintiff's exposed intimate parts, namely her breasts.

71. Defendant Carminucci distributed the picture to various individuals without Plaintiff's permission or consent.

72. Defendant Carminucci has violated New Jersey Statute 2A:58D-1.

73. As a result of Defendant Carminucci's actions, the Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and

punitive damages, attorney's fees, costs of this litigation and such other relief as the Court deems equitable and just.

## FIFTH CAUSE OF ACTION
### (Invasion of Privacy)

74. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

75. By publishing the pictures to various third parties, Defendant Carminucci intruded on Plaintiff's physical solitude and seclusion.

76. The images depicting Plaintiff's exposed breasts constitute a public disclosure of private facts.

77. It is clear that Defendant Carminucci has publicly disclosed private facts by sending Plaintiff's intimate content to third parties who knew Plaintiff solely to critique her body, humiliate, embarrass, and subject Plaintiff to public scrutiny.

78. The matter being publicized by Defendant Carminucci – namely Plaintiff's post-operative intimate images – would be highly offensive to a reasonable person and is not of legitimate concern to the public.

79. Defendant violated Plaintiff's New Jersey constitutional right of privacy, in particular, Plaintiff's rights against public disclosure of private facts (e.g., making public private information about plaintiff) and right to solitude, seclusion, or private affairs and concerns.

80. Defendant Carminucci intruded upon and violated the privacy of the Plaintiff knowingly, recklessly, and with malice aforethought when, without Plaintiff's knowledge and consent, she disseminated Plaintiff's highly intimate image.

81. By distributing the picture, Defendant Carminucci sought to embarrass and humiliate the Plaintiff and such embarrassment and humiliation was reasonably foreseeable.

82. By distributing the picture as well as making false statements about a member of her family, Defendant Carminucci also sought to harm the reputation of the Plaintiff and such harm from her actions was reasonably foreseeable.

83. As a proximate and direct cause of Defendant Carminucci's actions which violated Plaintiff's rights of privacy, the Plaintiff suffered emotional distress, pain and suffering, and a harm to her reputation.

84. As a result of Defendant Carminucci's actions, Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, and such other relief as the Court deems equitable and just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages against Defendant Carminucci in an amount to be determined at trial, but not less than $150,000.00 per intimate image shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

B. An injunction and order permanently restraining Defendant Carminucci from disseminating Plaintiff's intimate image without her permission or consent;

C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

  E. An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

  F. Such other and further relief as the Court may deem just and proper.


Dated: New York, New York
   March 8, 2024

              Respectfully submitted,

              **Daniel Szalkiewicz & Associates, P.C.**
              */s/ Daniel Szalkiewicz*

              _____
              By: Daniel S. Szalkiewicz, Esq.
              23 West 73rd Street, Suite 102
              New York, NY 10023
              Telephone: (212) 706-1007
              Facsimile: (646) 849-0033
              daniel@lawdss.com
              *Attorneys for Plaintiff*