Daniel S.  Szalkiewicz, Esq.  (DS2323)
DANIEL SZALKIEWICZ &
ASSOCIATES, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

Attorneys for the Plaintiff C.V.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.V. <br><br>       Plaintiff, <br><br>   v. <br><br> LAUREN CARMINUCCI a/k/a LAUREN GENSINGER, <br><br>     Defendant. | Docket No. 24-2096 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HER MOTION TO PROCEED UNDER PSEUDONYM

1

**Table of Contents**

**PRELIMINARY STATEMENT** ...................................................................................................... **4**

**FACTUAL BACKGROUND**........................................................................................................... **5**

**ARGUMENT**.................................................................................................................................... **5**

## Table of Authorities

**Cases**

Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006) .................................... 8

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011) .................................................................... 5, 6, 7, 8

Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) .......................................................................... 5

Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997) ........................... 6

Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) ............................................................................................................................ 7

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]) 5

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]) .................................................................................................................... 5

United States v. Janssen Therapeutics, 795 F. App'x 142, 144–45 (3d Cir. 2019) ....................... 6

**Statutes**

15 U.S.C. § 6851 .............................................................................................................................. 5

Federal Rule of Civil Procedure ("FRCP") 10(a) ........................................................................... 5

Plaintiff C.V., ("C.V." or "Plaintiff") by and through her attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this Memorandum of Law in support of her application for leave to proceed under a pseudonym in this matter.

<u>**PRELIMINARY STATEMENT**</u>

In April of 2023, Plaintiff was recovering from a breast augmentation when she turned to two friends, defendant LAUREN CARMINUCCI a/k/a LAUREN GENSINGER ("Carminucci" or "Defendant") and another, O.S., for guidance and support through the healing process. Carminucci's insight was of particular interest to Plaintiff as Carminucci had also undergone such a procedure and Plaintiff believed she could provide insight as to whether Plaintiff's post-operative healing was in line with her own experiences.

While Carminucci informed Plaintiff that the results looked "perfect[,]" behind Plaintiff's back, she began sending the image of Plaintiff's breasts to mutual friends with derogatory comments about the work Plaintiff had done, suggesting they were misshapen and stating the surgery had been performed "wrong[.]" Defendant's actions have horrified Plaintiff, who feels simultaneously betrayed by Defendant and humiliated and overwhelmed by the fact that individuals known to her have viewed her breasts without her permission or consent.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of her identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendant require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name, Defendant would be able to continue to torment Plaintiff and use the lawsuit as an additional avenue of public humiliation. Given the resulting lack of prejudice to any defendant, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint; rather, she provides the following facts relevant to this application, and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

## ARGUMENT

Initially, Plaintiff brings this action under 15 U.S.C. § 6851.  The federal statute specifically allows for a plaintiff to proceed anonymously.  Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."  Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since their enactment 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. See S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]); see also K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]).

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings," New Jersey Court's "have recognized that a party may, under limited circumstances, proceed by way of pseudonym[.]" Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) (internal quotation marks and alteration omitted). In order to prevail on a motion to proceed under a pseudonym, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable[.]" Doe v. Megless, 654 F.3d 404 (3d Cir. 2011). Courts then "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." United States v. Janssen

<u>Therapeutics</u>, 795 F. App'x 142, 144–45 (3d Cir. 2019).

The leading case for allowing a plaintiff to proceed as Doe is <u>Doe v. Megless</u>.  The Third Circuit Court of Appeals provided a list of nine factors weighing both in favor of and against proceeding anonymously. <u>Megless</u>, 654 F.3d at 410 (citing <u>Doe v. Provident Life and Acc. Ins. Co</u>., 176 F.R.D. 464, 467 (E.D. Pa. 1997)). Under the <u>Megless</u> test, the factors that weigh in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
> <u>Id.</u> at 409 (internal quotation marks omitted).

Conversely, the <u>Megless</u> factors weighing against anonymity are:
> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. (<u>Id</u>.).

There can be no doubt that the <u>Megless</u> factors weigh in favor of allowing Plaintiff to proceed using her initials.

First, this litigation was commenced by Plaintiff as "C.V.  To date, Plaintiff's identity has been confidential.  Any public filing made by C.V. has been undertaken using a pseudonym. Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant.  Plaintiff's name is not known to the public at large and she leads a private life.

Second, Plaintiff's has a reasonable and substantial basis for seeking to avoid disclosure

of her name as the entire lawsuit relates to Defendant's dissemination of her intimate content without her permission or consent.  Fear of embarrassment or economic harm are insufficient bases on which to proceed anonymously; instead "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." <u>Megless</u> at 408.  Plaintiff's fears over public disclosure of her identity in this litigation meets this standard.  Plaintiff has already faced emotional harm by Defendant's harassment.  The allegations are deeply personal, as are the images Defendant has made a habit of distributing, and the private facts and content which Defendant had no right to share in the first place should not be tied to Plaintiff publicly now. Plaintiff reasonably fears that public disclosure of her identity in connection with the facts of this case—and the inevitable accompanying questions and critiques about her body, her relationship with Defendant, and various private family affairs discussed in the context of a small group of friends —will exacerbate these severe negative mental and emotional experiences and further re-traumatize her.  Finally, Plaintiff's fear is reasonable, and "exposing her identity poses the potential for severe harm that exceeds mere embarrassment[.]" <u>Doe v. Trishul Consultancy, LLC</u>, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019).

Third, there is a strong public interest in protecting Plaintiff's right to anonymity. "[c]ourts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization[.]" (<u>Doe v Trishul Consultancy, LLC</u>, 2019 US Dist LEXIS 169051 [DNJ Sep. 30, 2019, Civil Action No. 18-16468 (FLW)(ZNQ)]).  If Plaintiff is forced to use her true name in this case, Defendant will forever have the upper hand due to the threat that she will upload the intimate content and/or place on a public docket false and/or scandalizing allegations about Plaintiff and her family.  Requiring a party to gamble what legal actions might result in such retaliation would inevitably cause Plaintiff and "other similarly situated litigants… from

litigating claims that the public would like to have litigated[.]" <u>Megless</u> 654 F.3d at 410.

Fourth, there is no real public interest in disclosing Plaintiff's name. Plaintiff is a private citizen and is not requesting the docket be sealed in its entirety. The public will still have the right to follow and access the proceeding.

Fifth, Plaintiff runs the daily fear of being exposed online and without the protection of using a pseudonym, she would not have started this case.

Sixth, Plaintiff has no illegitimate ulterior motives in requesting the ability to use her initials, she simply does not wish to link her name to images and statements Defendant should have never shared with third parties in the first place.

Looking at the factors weighing against anonymity, the universal public interest in cases "exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym[.]" <u>Doe v. Hartford Life & Acc. Ins. Co.</u>, 237 F.R.D. 545, 551 (D.N.J. 2006). The second factor, "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[,]" <u>Megless</u>, 654 F.3d at 409, does not apply here because Plaintiff is a private citizen and there is no strong interest in her identity. Finally, "the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated[,]" <u>Id</u>., also cuts in favor of this application, as no illegitimate motive can or will be identified for the actions that Plaintiff has taken in filing this lawsuit and seeking to do under the pseudonym by initials.

As detailed in the annexed declaration, and supported by the complaint, Plaintiff should be permitted to continue to use a pseudonym as she has done and the balancing of the interests weighs in her favor.

Dated:  March 8, 2024

Respectfully submitted,

Daniel S. Szalkiewicz, Esq.
**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007|
daniel@lawdss.com
Attorneys for Plaintiff C.V.

9