UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **C.V.**, <br><br> Plaintiff, <br><br> v. <br><br> **LAUREN CARMINUCCI, a/k/a LAUREN GENSINGER,** <br><br> Defendant. | Civil Action No. <br><br> 2:24-cv-2096 (JXN) (SDA) <br><br> **OPINION** |

**STACEY D. ADAMS, UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion by Plaintiff C.V. ("Plaintiff") for Leave to Proceed Anonymously in this litigation under a pseudonym. [ECF No. 2]. The motion is unopposed. The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, and for the reasons set forth below, Plaintiff's Motion for a Protective Order is **GRANTED.**

I. FACTUAL BACKGROUND/PROCEDURAL HISTORY

Plaintiff's complaint alleges that, since 2018, she has been in a group chat with four women, including Defendant Lauren Carminucci a/k/a Lauren Gensinger ("Defendant"). The group chat discussed a variety of topics, which Plaintiff fees implies the women were friends. Plaintiff used this group chat for guidance and support regarding her decision to undergo a breast augmentation. Plaintiff sent photographs of her exposed breasts during the healing process to two members of the group chat, including Defendant. According to the Complaint, Defendant secretly disseminated one of these photos to multiple third parties with comments about Plaintiff's body

and false statements about Plaintiff's family. This included comments by Defendant critiquing the quality of the procedure. Plaintiff was "devasted" as a result of the photos being shared without her consent and is fearful of what Defendant will do with her images in the future.

Plaintiff's Complaint asserts several claims against Defendant including violations of 15 U.S.C. § 6851, violations of New York's and New Jersey's nonconsensual pornography statutes,[1] as well as common law claims for intentional infliction of emotional distress and invasion of privacy. Plaintiff's Complaint was filed on March 8, 2024. Plaintiff filed this Motion for a Protective Order on the same date seeking to proceed under a pseudonym. [ECF No. 2]. Defendant requested an adjournment of the motion cycle to respond, which was granted on March 27, 2024. That date has long since passed. However Defendant has not filed any opposition. Therefore, this application is deemed unopposed.

In the instant Motion, Plaintiff certifies that she seeks to proceed anonymously for several reasons. She does not want the docket "to become a weapon" which the Defendant can use to make allegations about her husband, broadcast her insecurities, and share the subject images. If forced to proceed with her true name, she "likely would not bring this lawsuit at all." [*Id.* at ¶ 27.] Defendant's conduct has made Plaintiff "question the goodness of all of my friends and whether it's ever safe to confide in or trust people." [*Id.* at ¶ 21.]

## II.   DISCUSSION

Congress provided a civil action for the disclosure of persons' "intimate visual depictions" without their consent under 15 U.S.C. § 6851, as part of the Violence Against Women Act Reauthorization of 2022. *S.S. v. Collins*, No. 23-0892, 2024 U.S. Dist. LEXIS 135664, at *12 (July 31, 2024). The statute provides that, in a civil action filed under this section, "the court may

---

[1] *N.Y. C.L.S.* § 52-b and *N.J.S.A.* 2A:58D-1, respectively.

grant injunctive relief maintain the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

Federal Rule of Civil Procedure 10(a) states that "[t]he title of the complaint must name all the parties." "Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties." *Doe v. Morrisville*, 130 F.R.D. 612, 614 (E. D. Pa. 1990). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Doe v. Megless*, 654 F. 3d 404, 408 (3d Cir. 2011) (quoting *Does I Thru XXIII v. Adv. Textile Corp.*, 214 F. 3d 1058, 1067 (9th Cir. 2000)).

Despite this, courts have allowed parties to use fictitious names when necessary to protect privacy. *Morrisville*, 130 F.R.D. at 614. A party may proceed anonymously only "in exceptional cases." *Megless*, 654 F. 3d at 408. It is not enough that a plaintiff may suffer from "embarrassment or economic harm," rather, a plaintiff must show (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. *Id.* (citations omitted). Severe harm has been found in a variety of circumstances, including in cases involving "abortion, birth control, transexuality [sic], mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Morrisville*, 130 F.R.D. at 614.

In *Megless*, the Third Circuit adopted a balancing test promulgated by *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. (E.D. Pa. 1997). That court included factors that weigh in favor of proceeding anonymously, and those which weigh against proceeding anonymously.[2] The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;

---

[2] Hereinafter, "the *Provident Life* Factors."

> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> *Megless*, 654 F. 3d at 409 (quoting *Provident Life*, 176 F.R.D. at 467).

The factors against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants;
>
> (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
>
> (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.
>
> *Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68)

This is list is not exhaustive, and the court must consider other "factors which the facts of the particular case implicate." *Provident Life*, 176 F.R.D. at 468.

Here, the Court finds good cause to allow Plaintiff to proceed under a pseudonym. First, Plaintiff's lawsuit seeks relief under 15 U.S.C. § 6851, which expressly provides that a plaintiff may proceed in litigation using a pseudonym. Second, even if the statute did not provide for such protection, the Court is also satisfied that the *Provident Life* Factors weigh in favor of proceeding under a pseudonym.

As to the first factor, Plaintiff has kept her identity confidential by not disclosing it in any court filings. *See Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting plaintiff permission to proceed anonymously in light of the fact that "plaintiff ha[d] taken steps to keep [plaintiff's] identity confidential"). Accordingly, this factor weighs in favor of proceeding under a pseudonym.

As to the second factor, Plaintiff seeks to avoid disclosure because (i) the lawsuit concerns the disclosure of intimate photographs of Plaintiff's breasts that she does not want made a part of the public record, and (ii) she does not want the public knowledge of this lawsuit to be weaponized against her by Defendant, causing further harm. *See Doe v. Oshrin*, 299 F.R.D. 100, 103-04 (D.N.J. 2014) (finding this factor weighed in favor of anonymity when plaintiff asserted the disclosure of her identity would "exacerbate the pain and embarrassment that Jane Doe suffers and will suffer for the rest of her life.")  Plaintiff certified that she still feels violated by Defendant's alleged dissemination of her photos.  Public identification of Plaintiff in court filings would exacerbate the situation, given that one of her claims is for invasion of privacy.  Accordingly, this factor weighs in favor of proceeding under a pseudonym.

As to the third and fourth factors, there is a weak public interest in knowing Plaintiff's identity.  The allegations in her complaint "require the Court to resolve primarily legal issues, and then to address whether, and to what extent, Plaintiff suffered specific damages." *Oshrin*, 299 F.R.D. at 104; *see also Provident Life*, 176 F.R.D. at 468 (noting that the use of a pseudonym would not interfere with the public's right to follow the proceedings). Because there is a weak public interest in knowing Plaintiff's identity, this factor weighs in favor of proceeding under a pseudonym.

As to the fifth factor, Plaintiff certifies that she will not pursue the case if she must be publicly identified.  Finally, as to the sixth factor, Plaintiff does not appear to present, nor does

Defendant present in opposition, ulterior motives for seeking leave to proceed under a pseudonym. Accordingly, all of the *Provident Life* factors in favor of anonymity weigh in favor of Plaintiff proceeding under a pseudonym.

Conversely, only the first factor of the *Provident Life* factors weighs against proceeding under a pseudonym. As to the first factor, "[t]here is a universal public interest in access to the identities of litigants" and "open judicial proceedings." *Megless*, 654 F. 3d at 411. This interest exists in virtually every case and, therefore, is almost always satisfied. However, an affirmative showing on the first factor, by itself, does not outweigh the balancing factors in favor of proceeding anonymously. *Doe v. N.J. State Prison*, No. 24-8290, 2024 U.S. Dist. LEXIS 141785 at *9 (Aug. 9, 2024); *see also Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006) ("The only factor against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation, and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym.") Plaintiff is not a public figure and there is no strong interest in knowing her identity. *See N.J. State Prison*, 2024 U.S. Dist. LEXIS 141785 at *10) (court did not find the second factor weighed against anonymity because it did not appear the public had an unusually strong interest in knowing the identity of a party who was a non-public figure.)

The exceptional cases provided by *Morrisville* including abortion, mental health, and homosexuality are deeply personal. 130 F.R.D. at 614. The alleged nonconsensual dissemination of sexually intimate photos certainly falls within this deeply personal category of cases, which warrants the Court to grant Plaintiff's request to appear under a pseudonym.

III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed Anonymously is **GRANTED.**  Plaintiff is permitted to proceed in this action under the pseudonym, C.V.

Dated: August 27, 2024

*/s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge
