Roy R. Macaluso † ♦
A.J. Fusco, Jr. ♦ (1946-2022)

Amie E. DiCola ♦
Steven D. Byoun ♦
Brian B. Horan ♦
Yafresie Feliz °
Alexandra E. Macaluso ♦

♦ Member of NJ and NY Bar
† Member of NJ and DC Bar
° Member of NJ Bar



**FUSCO & MACALUSO**
—— ATTORNEYS AT LAW ——

P.O. Box 838 □ 150 Passaic Avenue
Passaic, New Jersey 07055

Office: (973) 779-1163
Fax: (973) 779-5437

E-Mail: Info@fmnj-law.com
Website: www.fuscoandmacaluso.com

Trenton Office
108 W. State Street
Trenton, NJ 08625
(609) 559-1222
*Please direct all replies to Passaic Office*

New York Office
One World Trade Center
85th Floor
New York, NY 10007
(212)-220-8592
*Please direct all replies to Passaic Office*

***Please direct all replies to
Passaic Office***

April 18, 2025

**VIA E-COURTS**
**Honorable Stacey D. Adams, Magistrate Judge**
**Mitchell H. Cohen Bldg.**
**U.S. Courthouse-4th & Cooper Streets**
**Camden, New Jersey 08101**

    Re: C.V, et. al. v. Lauren Carminucci, et. al.
       Case Action No.: 2:24-cv-02096-JXN-ESX

Dear Honorable Adams:

  Kindly be advised that we represent defendant, Lauren Carminucci, in this matter. Pursuant to our last correspondence and the previously filed Pretrial Scheduling Order of Honorable Jose Almonte, dated June 27, 2024, we hereby formally request leave of Court to file the attached Counterclaim for intentional infliction of emotional duress, against "C.V." in this "revenge-porn" matter. We have contacted plaintiff's counsel, who has not given his consent. See attached **Exhibit A**, copy of Counterclaim.

  As Your Honor will recall, this case involves an action commenced by "C.V." claiming that she was irreparably harmed by the production of faceless, topless photographs of herself, allegedly disseminated by defendant, to third parties, i.e. other friends in their social circles. As a result, defendant was sued by "C.V." during the midst of her pregnancy, threatened by "C.V" with physical violence, threatened to be assaulted at her workplace, and ultimately led to defendant seeking documented psychiatric treatment with Dr. Wei Wang, Psychiatric Care Associates. Dr. Wang's diagnosis of defendant because of plaintiff's behavior is post-traumatic stress disorder, anxiety disorder, and major depression disorder. She has been prescribed numerous psychiatric medications including Carlprazine HCL, 1.5 mg, clonazepam .125 mg; quetiapine fumarate 100 mg; and topiramate 25 mg. See **Exhibit B**, copy of Dr. Wei Wang's treatment records of plaintiff.

  As the Court is aware, Rule 15(a)(2), Amended and Supplemental Pleadings, provides that amendments must be served with the pleading, or 21 days after serving the pleading, or 21 days after a responsive pleading, or in relevant part "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires."*** *(emphasis added)*

Rule 13(e), also provides for Counterclaims Maturing or Acquired After Pleading, where it provides in relevant part "The Court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading. Here, the attached records of Dr. Wei Wang, indicates her psychiatric treatment began on August 8, 2024, which is after the Answer was filed on her behalf from this office, April 24, 2024. See **Exhibit C**, copy of defendant's Answer. Her treatment also began after the Rule 26 Disclosures were exchanged by this office on July 8, 2024. See **Exhibit D**, copy of Rule 26 Disclosures. These treatment records of Dr. Wei Wang continue until September 24, 2024. Therefore, the Counterclaim was not ripe at the time of the filing of the original Answer of defendant and had not matured. Plaintiff is continuing to treat with Dr. Wang for post-traumatic stress disorder, anxiety disorder and major depression disorder currently, and her last date of treatment was in February, 2025.

Furthermore, as the Court is aware, amendment of pleadings are permitted *even during or after trial*, pursuant to Rule 15(b), Amendments During and After Trial. At (b)(1), the rule provides "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. ***The court should freely permit an amendment*** when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence." Emphasis added. Here, a Trial date has not been set, and there is clear evidence of defendant's psychiatric treatment. Here, any perceived prejudice can be cured by an additional deposition of defendant regarding her treatment, since discovery is not complete. It should be noted defendant has already been deposed and freely testified that she was in therapy and on medications because of this lawsuit, which counsel for plaintiff already had opportunity to inquire of. See **Exhibit E**. page 34, lines 22 to 25; page 36, line 15-25, relevant pages of defendant's deposition testimony dated February 14, 2025.

Lastly, it is respectfully submitted that there are no Statute of Limitations problems with the granting of the amendment of Counterclaim, as Rule 15(c), which provides in relevant part at (c)(1)(A)(B), "...Relation Back of Amendments. (1), When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relations back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- in the original pleading; or..."   Here, defendant's treatment clearly arises out of the same transaction and occurrence, and the Complaint was filed on March 8, 2024. Thus, based upon relation back doctrine, the March 8, 2024 date applies for the Counterclaim, as it relates to the statute of limitations for intentional infliction of emotional distress of two years in New Jersey. Ms. Carminucci's commencement of her emotional distress began when plaintiff's counsel contacted defendant on September 18, 2023, indicating that his client intended to begin her lawsuit and requested whether she would accept service of the Complaint. Therefore, her Counterclaim if granted would be timely, one way or another. See **Exhibit F**, communication between plaintiff's counsel and defendant.

Therefore, defendant respectfully requests leave to amend its pleading to include the Counterclaim of defendant accordingly, and provide any remedy deemed just and proper to cure any real or perceived prejudice claimed by plaintiff.

FUSCO & MACALUSO PC

STEVE D. BYOUN, ESQ.
Attorneys for Plaintiff

SDB/gdp