UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.V., <br><br> Plaintiff, <br><br> v. <br><br> LAUREN CARMINUCCI, <br><br> Defendant. | Civil Action No. 2:24-cv-02096-JXN-JRA |

### DEFENDANT, LAUREN CARMINUCCI'S RULE 26 DISCLOSURE

Defendant, **LAUREN CARMINUCCI**, in accordance with Fed. R. Civ. P. 26 (a)(1)(A), provides the following initial disclosures:

**1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

Any and all parties to this action, their agent(s), representative(s), employee(s) and/or assign(s); representatives of plaintiff, The custodian(s) of records of any and all medical records and/or medical providers and/or entities concerning the within action of the defendant; The custodian(s) of records of any and all individual(s) and/or entities, and/or police department(s) which investigated the within case; all persons/entities named in any and all answers to interrogatories and/or disclosures; and any and all other persons/entities which further discovery may reveal as follows but, not limited solely to the following:

A.  Nicoletta Kesoglides
    118 Whitman
    Brooklyn, New York

B.  Olivia Blois Sharpe
    2901 21st Avenue, Apt. 3F
    Astoria, New York

C.  Custodian of Records and/or treating physicians
    AT&T
    11760 US Highway 1, Suite 600
    North Palm Beach, FL 33408

2. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and the disclosing party may use to support its claim or defenses, unless solely for impeachment:

Subject to withholding documents protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, Defendant is conducting a search for any documents or things that it may use to support its defenses and will disclose all such items, if any, after completion of its search, including but not limited to text messages between all parties and witnesses.

3. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Not applicable.

4. For inspection and copy as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in the action or to indemnity of reimburse for payment made to satisfy judgment:

None.

Plaintiff reserves the right to supplement and/or amend the foregoing disclosures prior to trial hereof.

Date: July 8, 2024

FUSCO & MACALUSO, P.C.

DAVID T. ERCOLANO, ESQUIRE
Attorneys for Plaintiff