**VERIDIAN LEGAL**

23 West 73rd Street  T: (212) 706-1007
Suite 102  F: (646) 849-0033
New York, NY 10023  www.veridianlegal.com

April 29, 2025

<u>Via CEF</u>
Honorable Stacey D. Adams, Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

*Re:    C.V. v Carminucci*
*Docket No. 24-cv-02096*

Dear Judge Adams,

      Please accept this letter pursuant to your part rules opposing Defendant's letter motion seeking leave to amend her pleadings to assert a counterclaim for the intentional infliction of emotional distress brought on, apparently, by Plaintiff suing Defendant for sharing her intimate image with third parties. The Third Circuit Court of Appeals has held that "leave to amend may be denied where there is 'undue delay, bad faith, dilatory motive, prejudice, and futility" <u>Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019)</u>. Here, all of the aforementioned factors are present.

      "Undue delay is 'protracted and unjustified' — it 'can place a burden on the court or counterparty' or show 'a lack of diligence sufficient to justify a discretionary denial of leave.'" <u>Id</u>. "A district court may exercise its discretion to deny leave to amend when the movant delays completion of discovery" and "when adding a new claim would 'fundamentally alter the proceeding and could have been asserted earlier'." <u>Id</u>. In this case, Defendant has already been deposed and, with the exception of several items outlined in an amended scheduling order dated March 6, 2025 (D.E. 36), fact discovery is complete. At the March 6, 2025 conference, the defendant asked for permission to depose Plaintiff despite the fact that the deadline had passed, The court granted Defendant's limited request; however, but for Defendant's request, a pretrial conference would have already been scheduled.

      As to Defendant's bad faith and dilatory motive, one need look no further than the date Defendant's lawyer received her limited medical records from her doctor: September 24, 2024. Despite her lawyer being in receipt of her health records and the obvious existence of a plan to countersue for emotional distress, Defendant did not seek to amend for another seven months and only after Defendant had been deposed. If Defendant's counterclaim is allowed to survive, fact discovery will need to be reopened and Defendant will need to be re-deposed, all at significant time and expense to Plaintiff, who should not be made to restart this process because Defendant strategically delayed bringing a counterclaim until after she was deposed.

      Further prejudicing Plaintiff is the matter of the one-year statute of limitations for I.I.E.D. While Defendant argues that the relation back doctrine saves her claim, "for relation back to be allowed, the opposing party must be given fair notice of the fact situation and the legal theory upon which the amending party wishes to proceed" and "a newly-asserted claim must be treated with caution." <u>Bank of Hope v. Miye Chon</u>, No. 14-1770 (JLL), 2017 U.S. Dist. LEXIS 785, at

Veridian Legal P.C.



As of April 29, 2025
Page 2

*7 (D.N.J. Jan. 4, 2017).  More so, Defendant's counterclaim "is neither based upon the general fact situation nor legal theory" in the existing pleadings.  <u>Fahs Rolston Paving Corp. v. Pennington Props. Dev. Corp.</u>, Civil Action No. 03-4593 (MLC), 2009 U.S. Dist. LEXIS 101693, at *16 (D.N.J. Nov. 2, 2009).  Indeed Plaintiff is the only party with substantive factual pleadings in this case and they detail Defendant disseminating Plaintiff's intimate content, not the concept that Plaintiff pursuing her legal rights amounts to I.I.E.D.

     Finally, Plaintiff cannot overemphasize the futility of this amendment.  Defendant claims Plaintiff encouraged unspecified third parties to threaten Defendant, threated Defendant herself, and sued her in the midst of her pregnancy to cause stress on "the unborn child and mother."  Initially, Defendant's representation that Plaintiff sued her while she was pregnant is inaccurate, as verified in Defendant's deposition and the court docket.  According to Defendant, her child was born December 1, 2023 (Exhibit 1).  The Complaint in this action was filed March 8, 2024 (D.E. 1).  The portion of Defendant's deposition which she attaches as Exhibit E apparently to support her argument is difficult to understand but seems to suggest that Plaintiff writing "Hi" and identifying herself to Defendant's former brother-in-law is Plaintiff encouraging third parties to threaten Defendant.  Ridiculously, Defendant even attaches a professional inquiry about her service preferences to her letter, calling it the "commencement of her emotional distress."  It is important to note that I did not explore in depth Defendant's claims during her deposition because they were irrelevant to the inquiry.

     Plaintiff is in possession of photographic evidence of Defendant sharing her intimate content with third parties.  Defendant does not deny sending the intimate content, instead stating "I can't say I never did this.  I don't recall." (Exhibit 2).  Disseminating intimate content without the depicted individual's consent is a civil tort as well as a crime.  Defendant makes no claims of innocence and yet wants to reopen discovery to assert a bogus claim that fighting a legitimate lawsuit somehow amounts to extreme and outrageous conduct.  Simply put, the day legitimate lawsuits become "utterly intolerable in a civilized community" will be a difficult day for the legal community.

     On top of this, Defendant's medical records – as sparse and incomplete as they are – neither link this lawsuit to Defendant's distress nor describe any severe emotional distress.  The above is just a summary of Plaintiff's arguments for why the request to file a motion should be denied.

     Respectfully submitted,

     VERIDIAN LEGAL P.C.

     */s/ Daniel Szalkiewicz*

     By: Daniel S. Szalkiewicz, Esq.
     **daniel@veridianlegal.com**