Roy R. Macaluso † ♦
A.J. Fusco, Jr. ♦ (1946-2022)

David T. Ercolano*
Amie E. DiCola ♦
Steven D. Byoun ♦
Brian B. Horan ♦
Yafresie Feliz °
Alexandra E. Macaluso ♦

♦ Member of NJ and NY Bar
† Member of NJ and DC Bar
* Member of NJ and PA Bar
° Member of NJ Bar



**FUSCO & MACALUSO**
—— ATTORNEYS AT LAW ——

P.O. Box 838 □ 150 Passaic Avenue
Passaic, New Jersey 07055

Office: (973) 779-1163
Fax: (973) 779-5437

E-Mail: Info@fmnj-law.com
Website: www.fuscoandmacaluso.com

Trenton Office
108 W. State Street
Trenton, NJ 08625
(609) 559-1222
*Please direct all replies to Passaic Office*

New York Office
One World Trade Center
85th Floor
New York, NY 10007
(212)-220-8592
*Please direct all replies to Passaic Office*

***Please direct all replies to Passaic Office***

January 15, 2026

**VIA E-COURTS**
**Honorable Julien Xavier Neals**
**United States District Court-District of New Jersey**
**MLK Jr. Federal Bldg. & U.S. Courthouse**
**50 Walnut Street**
**Newark, New Jersey 07102**
**Courtroom: MLK 5D**

      Re:    C.V, et. al. v. Lauren Carminucci, et. al.
             Case Action No.: 2:24-cv-02096-JXN-ESX

Dear Judge Neals:

      Our office represents defendant, Lauren Carminucci, nee Gensinger, in this matter. Kindly accept this letter requesting a Pre-Motion Conference before Your Honor, for leave to file a Motion for Summary Judgment, dismissing plaintiff's Complaint against defendant.

      This case is an unusual one to say the least. As for relevant case history, the case was unsuccessfully Conferenced for Settlement before Magistrate Judge Stacey Adams, and discovery is complete. This novel Complaint brought by plaintiff revolves around the recent 2022 statute, U.S.C.S. Section 6851, commonly called the "revenge porn" statute. In short, the statute allows for a civil action to be brought, and provides for "actual damages" and/or "liquidated damages" in the amount of $150,000, "for an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce, or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.

      All of the state claims brought by plaintiff have been dismissed already. This federal claim is the only claim that remains.

Plaintiff claims that defendant maliciously took an old photograph of her breasts and shared it with a then-common friend, allegedly an ex-boyfriend, mildly criticizing the result of the breast implant surgery performed by plaintiff's cosmetic surgeon. (Subject screenshot available upon request, to protect the privacy of plaintiff, C.V.) Plaintiff alleges that this arises to a gross violation of the above statute above and demands liquidated damages pursuant to the aforesaid statute of $150,000.00. (At the aforementioned Settlement Conference, progress was made but a settlement could not reached. Details of the Settlement Conference can be shared with the Court upon request.)

Discovery is complete. As for the underlying facts, plaintiff has provided one screenshot of an alleged text message conversation showing a photograph of someone's breasts (plaintiff's face is not shown, and no distinguishing characteristic, unique birthmark, or other recognizable feature of plaintiff is shown; no other identifying information as to whose breasts they may be is shown in the screenshot), which was allegedly was shared between defendant and the aforementioned friend or ex-boyfriend of plaintiff. The screenshot was allegedly shared by this common friend or ex-boyfriend to plaintiff, and presumably, plaintiff was offended or made to be angry by it. This common friend is not identified in the screenshot. Plaintiff has not provided any affidavit or testimony by this common friend stating that this alleged photograph of plaintiff was sent to him.

At the time of the screenshot, the parties were friends and friendly also with the common friend. Now however, after a falling out, plaintiff decided to sue defendant based upon this statute. It is respectfully submitted that plaintiff has not presented prima facie facts or evidence that defendant has violated the aforementioned statute, and therefore, her complaint must be dismissed.

Therefore, given all favorable inferences and issues to the plaintiff, it still remains that her case must fail since it is supported only by her own self-serving allegations and self-serving testimony, and her proofs at this juncture of the case are so slight that it must be dismissed upon Summary Judgment. As such, defendant respectfully requests a Pre-Motion Conference, and leave to file Summary Judgment on behalf of defendant accordingly.

We thank you for your courtesies and attention in this matter.

FUSCO & MACALUSO PC

STEVE D. BYOUN, ESQ.
Attorneys for Defendant

SDB/gdp
Cc: Plaintiff's Counsel via efile