# VERIDIAN LEGAL

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
veridianlegal.com

October 17, 2025

**Via ECF**
Honorable Judge Julien Xavier Neals
MLK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    *Re:*    *C.V. v. Lauren Carminucci*
           *United States District Court, District of New Jersey*
           *Case No.: 2:24-cv-2096*

Dear Judge Neals,

    We represent the plaintiff, C.V., in the above referenced action. I write in response to the court's February 4, 2026 text order. Initially, I apologize for not submitting a response addressing the defendant's pre-motion letter. We endeavor to strictly comply with the rules of this court, and have been since the inception of this action.

    Magistrate Adams spent numerous hours with the parties attempting to resolve this matter. Even after the settlement conference, Magistrate Adams continue to keep an open line of communications with the hope of a speedy resolution. Prior to, and after, receiving defendant's pre-motion letter, counsel and I engaged in several substantive conversations to see if resolution was possible. After receiving the letter, the conversations intensified and as of this week the parties are at the precipice of a resolution. I hoped that we would be able to completely resolve this matter prior to the need to submit additional legal arguments, but there has been a minor, non-substantive, delay.

    With that in mind, I still believe a settlement will be reached shortly. However, to address defendant's pre-motion letter, the plaintiff believes counsel's arguments will fail on the law. The sole cause of action is a violation of 15 U.S.C. 6851, Civil Action Relating to Disclosure of Intimate Images ("CARDII"). The leading case in New Jersey is S.S. v. Collins, Civil Action No. 23-0892 (KMW-AMD), 2024 U.S. Dist. LEXIS 135664, at *12 (D.N.J. July 31, 2024), however several other courts have recently rendered default judgments under the statute. See Webbs v. Green, Civil Action No. 2:24-7763, 2025 U.S. Dist. LEXIS 92653, at *5 (D.N.J. May 13, 2025).

    CARDII is a straightforward law whose main focus is on consent. First, an individual's "intimate visual depiction" needs to be disclosed. 15 U.S.C.S. § 6851(b)(1)(A). An "intimate visual depiction" includes "post-pubescent female nipple of an identifiable individual[.]" The Image shows C.V.'s nipple. The image must be shared without "consent" which is defined as "an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion." 15 U.S.C.S. § 6851(a)(2). Defendant has admitted she

February 6, 2026
Page 2

---

did not have C.V.'s consent to share the images. Finally, it must be shared through interstate commerce, which includes the use of an iPhone, as here.

     Defendant's sole argument is based on the fact C.V.'s name and ace is not included in the image so therefore she is not a "depicted individual" under the law.  Plaintiff believes the defendant is too narrowly construing the statute.  15 U.S. Code § 6851(a)(1)(3) defines a "depicted individual" as one who is identifiable "from information displayed in connection with the visual depiction." Defendant has argued that the actual image itself must contain the identifiable features of C.V.  Only one Federal Court to date has opinioned on the issue (Doe v Serpa, 2025 US Dist LEXIS 15620, at *5 [ND Tex Jan. 29, 2025, Civil Action No. 3:25-CV-0057-X]).  In Serpa the defendant sent an image of the plaintiff's uncovered penis.  While the plaintiff was not identifiable from the image alone, the court found he was identifiable by virtue of "information displayed in connection with the visual depiction" as the messages sent also had the plaintiff's name.

     States have analyzed the phrase "information displayed in connection with the image" (*see People v. Christopher H*., 229 N.Y.S.3d 883; 2025 N.Y. Misc. LEXIS 1403; 2025 NY Slip Op 25066; 2025 LX 36456). In *Christopher H.,* the defendant sent images via text messages that did not include the victim's face or name. The Nassau County District Court determined information displayed includes the "provided context" such as what a room looks like in the background and the content of the messages.

     Finally, apparently the Uniform Code of Military Justice uses the phrase "information displayed in connection with the intimate visual image" (*United States v Page*, 80 MJ 760, 763 [N-M Ct Crim App 2021]).  In *Page*, United States Navy-Marine Corps Court of Criminal Appeals determined this phrase is "limited to information that accompanies the picture when it is broadcast or distributed and is displayed after the broadcast or distribution occurs."

     Here, the information displayed is a photograph taken inside C.V.'s bedroom, C.V.'s body, and the fact she just underwent breast augmentation surgery.  It is clear that the recipient of the image immediately identified C.V. based on such context due to him not asking the identity of the individual and subsequently adding that the depicted individual "had four kids."  Reading the conversation, there is no doubt that both parties were aware of the individual in the picture.

     To the extent that Defendant argues that she did not send the image (a denial she has yet to make, but has stated she does not have a recollection doing so), this is a question of fact that cannot be determined on a motion for summary judgment.

     Defendant's motion would therefore ultimately fail, and it is therefore requested that the application be denied.

     Respectfully submitted,
*Daniel S. Szalkiewicz, Esq.*
By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**