Daniel S.  Szalkiewicz, Esq.  (DS2323)
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for Plaintiff C.V.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.V.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAUREN CARMINUCCI a/k/a LAUREN GENSINGER,<br><br>　　　Defendant. | Docket No. 24-2096 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION TO VACATE**

1

**Table of Contents**

**PRELIMINARY STATEMENT** ............................................................................................... **4**

**FACTUAL BACKGROUND** ................................................................................................... **4**

**ARGUMENT** ........................................................................................................................... **5**

## Table of Authorities

**Cases**

Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 551 (D.N.J. 2006)................................... 8

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011)..................................................................... 5, 6, 7, 8

Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) ....................................................................... 5

Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997) ........................... 6

Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) ....................................................................................................................... 7

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR])5

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD])................................................................................................................ 5

United States v. Janssen Therapeutics, 795 F. App'x 142, 144–45 (3d Cir. 2019) ........................ 6

**Statutes**

15 U.S.C. § 6851................................................................................................................................. 5

Federal Rule of Civil Procedure ("FRCP") 10(a) ............................................................................ 5

3

## I.    PRELIMINARY STATEMENT

In April of 2023, Plaintiff was recovering from a breast augmentation when she turned to two friends, defendant LAUREN CARMINUCCI a/k/a LAUREN GENSINGER ("Carminucci" or "Defendant") and another, O.S., for guidance and support through the healing process. Carminucci's insight was of particular interest to Plaintiff as Carminucci had also undergone such a procedure and Plaintiff believed she could provide insight as to whether Plaintiff's post-operative healing was in line with her own experiences.

Unbeknownst to Plaintiff at the time, Carminucci almost immediately betrayed her trust, sending the image of Plaintiff's breasts to mutual friends with derogatory comments about the work Plaintiff had done, suggesting they were misshapen and stating the surgery had been botched.  Defendant's actions have horrified Plaintiff, who feels simultaneously gutted by Defendant's deception and humiliated by the fact that individuals known to her have viewed her breasts without her permission or consent.

Plaintiff brought the instant action and engaged in fact and document discovery, including depositions, only to be blindsided by a promptly dismissed counterclaim for intentional infliction of emotional distress resulting from Plaintiff suing her to hold her accountable for her actions.  While the parties have agreed to a settlement in principle, the matter was dismissed prior to it being executed.

## II.    FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint; rather, she provides the following facts relevant to this application, and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

4

### III.    **ARGUMENT**

Plaintiff is entitled to relief pursuant to Rule 60(b)(1) and Rule 60(b)(6), which empower a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief" so long as the motion is made "no more than a year after the entry of the judgment or order[.]"

### A.  **This Court Retains Jurisdiction Under Rule 60(b) to Vacate a Dismissal with Prejudice**

Even though the case was dismissed with prejudice, this Court retains jurisdiction to vacate the dismissal.  The Third Circuit Court of Appeals has repeatedly held that "[a]ny time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule, some of which have no time limit." Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 320 (3d Cir. 1990).  "A petition under Fed. R. Civ. P. 60(b) is timely if "made within a reasonable time and for reasons under (1), (2) and (3) not more than one year after the judgment . . . was entered." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).  The Third Circuit Court of Appeals has even held that Rule 60 – and the timeline provided within it – supersedes local rules relating to a motion to vacate. Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 255 (3d Cir. 1986).

Here, Plaintiff has brought the instant motion three days after the dismissal order. Accordingly, Plaintiff has brought the motion within a reasonable time frame and, as explained below, can set forth reasons warranting relief pursuant to Rule 60(b)(1) or, in the alternative, Rule 60(b)(2).

**B. Relief is Justified Pursuant to Rule 60(b)(1)**

The primary vehicle for relief is Rule 60(b)(1), which permits a court to relieve a party from a final judgment or order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In Pioneer, the United States Supreme Court held that when determining what sort of neglect is excusable, "we conclude that the determination is at bottom an equitable, taking account of all relevant circumstances surrounding the party's omission" including "(and perhaps not limited to) 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith.'" Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 400, 113 S. Ct. 1489, 1500, 123 L.Ed.2d 74, 92 (1993). The Third Circuit has further "imposed a duty of explanation on District Courts when they conduct 'excusable neglect' analysis" to ensure consideration of "the totality of the circumstances presented." Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.), 235 F.3d 176, 182 (3d Cir. 2000).

*Danger of Prejudice to the Non-Movant*: Here, the case has been settled in principle. The Third Circuit Court of Appeals has held that the "loss of a windfall" does not amount to prejudice. Id. at 184.

*Length of Delay and Impact on Judicial Proceedings*: In Cendant, the court found a three-business-day delay was "trivial" Id. at 183. Here, the case is settled in principle and allowing the settlement to move forward will result in use of minimal court resources. Judicial proceedings will be unaffected as the case is, for all intents and purposes, resolved.

*Reason for Delay and Whether within Movant's Control*: While the change in the firm's workflow was, arguably, within movant's control, the health of an immediate family

6

member was, decidedly, not. The combination of the two has resulted in immense stress placed on the firm. Importantly, "[t]he 'control' factor does not necessarily trump all the other relevant factors" George Harms Constr. Co. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004). Plaintiff's counsel has averred that there was not a "strategic decision to do nothing" but rather a sudden and overwhelming stress on the firm that resulted in a missed deadline.

*Good Faith*: The Third Circuit has held that good faith requires acting with "reasonable haste to investigate the problem and to take available steps toward remedy." Cendant at 184. Where the movant promptly files a Rule 60(b) motion upon learning of the dismissal, this factor weighs in favor of relief.

Here, all factors favor granting the relief being requested by the movant. In Avon Contractors, the Third Circuit Court of Appeals held that because "the Pioneer factors of good faith, prejudice, efficient judicial administration, and control all weigh in favor of Avon, it has sufficiently shown 'excusable neglect' and is entitled to relief under Fed.R.Civ.P. 60(b)(1)." Avon Contractors, Inc. v. Sec'y of Labor, 372 F.3d 171, 175 (3d Cir. 2004). The court vacated the final order and remanded for a hearing on the merits. This demonstrates that, where the equities favor the movant, the Third Circuit will order relief even from a final disposition.

### C.  Public Policy Supports Vacatur of the Decision

The Third Circuit Court of Appeals has "repeatedly acknowledged that 'dismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort" and "[i]f the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit Court of Appeals dealt with a comparable situation to the one here in Papera – where the parties failed to timely file a settlement agreement or move to reopen the case and "[a]fter this deadline passed,

7

the Court simply closed the suit." Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 609 (3d Cir. 2020). While the facts differ in that the plaintiff "refiled the same complaint" which was "dismissed…based on claim preclusion[,]" because the dismissal did not specify whether it was with prejudice, and because settlement negotiations had failed, the end result should be the same: vacatur of the dismissal. Id.

### D. Relief is Justified Pursuant to Rule 60(b)(6)

Should the Court determine that Rule 60(b)(1) does not apply, relief may be available under the catch-all provision of Rule 60(b)(6), which permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." Ethan Michael Inc. v. Union Twp., 392 F. App'x 906, 907 (3d Cir. 2010). "The extraordinary circumstances must suggest that the party is faultless in the delay." Id. A party must further demonstrate that "without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014). Where both parties have agreed to settle and the dismissal with prejudice serves only to frustrate their consensual resolution, the argument for extraordinary circumstances is strong.

### IV.    CONCLUSION

The law strongly supports a motion to vacate the dismissal with prejudice under Rule 60(b)(1). Where both parties have agreed to settle and the only obstacle is a missed administrative deadline, the equities strongly favor vacatur.

Dated: June 4, 2026                                  Respectfully submitted,

<div style="margin-left:50%">

Daniel S. Szalkiewicz, Esq.
**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007|daniel@veridianlegal.com

</div>

8