Roy R. Macaluso † ♦
A.J. Fusco, Jr. ♦ (1946-2022)


Amie E. DiCola ♦
Steven D. Byoun ♦
Brian B. Horan ♦
Yafresie Feliz °
Alexandra E. Macaluso ♦

♦ Member of NJ and NY Bar
† Member of NJ and DC Bar
° Member of NJ Bar



**FUSCO & MACALUSO**
—— ATTORNEYS AT LAW ——

P.O. Box 838 □ 150 Passaic Avenue
Passaic, New Jersey 07055

Office: (973) 779-1163
Fax: (973) 779-5437

E-Mail: Info@fmnj-law.com
Website: www.fuscoandmacaluso.com

Trenton Office
108 W. State Street
Trenton, NJ 08625
(609) 559-1222
*Please direct all replies to Passaic Office*

New York Office
One World Trade Center
85th Floor
New York, NY 10007
(212)-220-8592
*Please direct all replies to Passaic Office*

*Please direct all replies to*
*Passaic Office*

June 24, 2026

**VIA E-COURTS**
**Honorable Julien Neals, District Judge**
**50 Walnut St**
**Newark, NJ 07102**

> **Re:**   **C.V, et. al. v. Lauren Carminucci, et. al.**
> **Case Action No.:  2:24-cv-02096-JXN-ESX**

Dear Honorable Neals:

Kindly be advised that we represent the uninsured defendant, Lauren Carminucci, in this matter. Please accept this correspondence in lieu of a more formal Brief in Opposition to Plaintiff's Motion to Set Aside the Order of June 1, 2026, dismissing this case with prejudice.

By way of case history, this is a case between two former friends, where plaintiff sued Ms. Carminucci for allegedly texting a photograph of plaintiff's breasts from her breast surgery to another former friend of plaintiff, allegedly her ex-boyfriend. The state claims were dismissed by the Court while only the federal claim, based upon a recent "revenge porn" case remained. After depositions were taken and a Settlement Conference failed to produce results, Defendant requested a PreTrial Motion Conference for leave to file Summary Judgment against plaintiff based upon the allegation that the one photograph could not identify for certain plaintiff in the photograph, nor the other person to whom it was disseminated. See **Exhibit A**, copy of letter to Your Honor dated January 15, 2026. Plaintiff failed to address our correspondence in a timely manner, and a Text Order was filed from Your Honor on February 4, 2026, ordering plaintiff to explain why and provide its response to our Pre-Motion request. See **Exhibit B**.

After the same, plaintiff finally agreed upon a settlement amount of $20,000, to be paid in four $5,000 yearly installments. Plaintiff wanted a Non-Disclosure Agreement, and defendant agreed. Defendant desired also a Non-Disclosure Agreement of her own to protect herself as well. See **Exhibit C**, emails between counsel regarding settlement, in and around February 25, 2026.

Upon the agreement, our office followed up with defense counsel on two occasions for the NDA agreement and closing papers to review on March 16, 2026 and April 13, 2026. We received no response. See **Exhibit D**, copy of emails to plaintiff's counsel. Plaintiff filed a Motion to Extend time for filing

Settlement Documents on April 27, 2026, which we did not oppose, and was granted by the Court. However, after that time expired, Your Honor dismissed the case with prejudice on June 1, 2026.

While the undersigned undoubtedly appreciates the predicament that plaintiff's counsel has had to endure given what is alleged in his Motion, it is respectfully submitted that this is not defendant's burden to bear. Defendant has been apprised of the procedural history, upon inquiring of the status of the case, and is upset that the case is not yet behind her. She justifiably believed that upon the dismissal with prejudice that the case was over. This case has been extremely traumatizing to defendant as well, being sued for the first time on what respectfully is a borderline frivolous case. She has had to undergo therapy because plaintiff had physically threatened her at her job, and has effectively bullied her through the legal system. She was pregnant at the time she was initially sued by plaintiff which caused her obvious undue stress on her life.

Even if taking plaintiff's allegations as true, which it is vehemently denied, defendant is accused of sending a photograph of plaintiff's breasts to a then-common friend, mildly criticizing the result. It is respectfully submitted that such is hardly worth a lawsuit and a $20,000 settlement for plaintiff, who it has been discovered, is an heiress to a billion dollar real estate empire, who trades in bitcoin for a living, and not the intent of the federal statute.

Therefore, given the past lack of interest in finalizing an agreed upon settlement, and given the Court's indulgence in providing plaintiff additional time which was not opposed, defendant respectfully requests that Your Honor's original order dismissing the case with prejudice stands, and is not set aside, together with any relief deemed just and proper.

FUSCO & MACALUSO PC

STEVE D. BYOUN, ESQ.
Attorneys for Defendant

SDB/gdp